UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

STATE OF NEW YORK,

    Plaintiff-Appellee-Cross-Appellant,

    v.

MOUNTAIN TOBACCO COMPANY, DBA KING
MOUNTAIN TOBACCO COMPANY INC.,

    Defendant-Appellant-Cross-Appellee,

MOUNTAIN TOBACCO DISTRIBUTING
COMPANY INC., DELBERT WHEELER, SR.,

    Defendants.

Nos. 17-3198 (lead)
& 17-3222 (cross-appeal)

**DEFENDANT-APPELLANT-CROSS-APPELLEE KING MOUNTAIN'S OPPOSITION TO THE MOTION OF *AMICUS CURIAE* UNITED STATES OF AMERICA TO PARTICIPATE IN ORAL ARGUMENT**

*Amici* may only participate in oral argument with the Court's permission. Fed. R. App. P. 29(a)(8). Because the State of New York has made and will present the same oral arguments that would be made by the United States, the Motion of *Amicus Curiae* United States of America to Participate in Oral Argument in Support of the State of New York (the "Motion") should be denied.

The government's *amicus* brief raised no new arguments and focused solely on one of the several appellate issues before the Court – namely, the

interpretation of the Prevent All Cigarette Trafficking (PACT) Act, 15 U.S.C. § 376, with respect to New York's claim (one of five) that King Mountain failed "to submit certain filings to the tobacco tax administrator for the State of New York" in violation of that statute. (A-86.) These filings apply to:

> Any person who sells, transfers, or ships for profit cigarettes … in interstate commerce, whereby such cigarettes … are shipped into a State, locality, or Indian country of an Indian tribe taxing the sale or use of cigarettes …, or who advertises or offers cigarettes … for such sale, transfer or shipment ….

15 U.S.C. § 376(a). The PACT Act defines "interstate commerce" as:

> Commerce between a State and any place outside the State, commerce between a State and any Indian country in the State, or commerce between points in the same State but through any place outside the State or through any Indian country.

15 U.S.C. § 375(9)(A). "State" is defined as "each of the several States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any territory or possession of the United States," 15 U.S.C. § 375(11), and Section 375(7) of the PACT Act incorporates the term "Indian country" from 18 U.S.C. § 1151 and thereby includes "all land within the limits of any Indian reservation under the jurisdiction of the United States Government … all dependent Indian communities … [and] all Indian allotments."

In granting summary judgment to King Mountain, the district found that King Mountain's sales did not occur in "interstate commerce" as defined under the PACT Act. *See State of New York v. Mountain Tobacco Co.*, No. 12-CV-

6276(JS)(SIL), 2016 WL 3962992, at \*8 (E.D.N.Y. July 21, 2016) ("In light of the undisputed fact that with [one] exception … all of the King Mountain sales were made from King Mountain's location on the Yakama reservation to Indian reservations within the boundaries of the State of New York, it is clear that these sales do not fall within the PACT Act's definition of 'interstate commerce.'").  The State of New York has thoroughly argued in the district court, and before this Court, the applicability of the PACT Act to the transactions at issue, including because Indian reservations are part of the States where they are situated, applying the PACT Act to the subject transactions would fulfill Congress's legislative objectives, and because its arguments are consistent with the views expressed in documents prepared by the Bureau of Alcohol, Tobacco, Firearms and Explosives.

The United States is not a party.  This action began in December 2012, and at no time has the United States sought to join or intervene.  It also did not seek to file an *amicus* brief in the district court.  While the United States, as of right, was permitted to file an *amicus* brief in this appeal without leave of the Court, Fed. Rule of App. Proc. 29(a)(2), its brief essentially repeats arguments made in New York's briefs, including the same threat that affirming the district court's holding "would facilitate cigarette trafficking …."  (ECF 160, ¶ 2).

New York is and has proven itself more than capable of presenting arguments regarding the applicability of the PACT Act in this case, including those

3

arguments raised in the *amicus* brief of the United States.  Accordingly, the Motion

of the United States of America to participate in oral argument should be denied.


December 6, 2018

Respectfully submitted,

PETRILLO KLEIN & BOXER LLP

By:   s/ Nelson A. Boxer
      Nelson A. Boxer
      655 Third Avenue, 22nd Floor
      New York, NY 10017
      (212) 370-0330
      nboxer@pkbllp.com

      *Attorneys for Defendant-Appellant-*
      *Cross-Appellee King Mountain*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2018, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system and that counsel for the parties will be served through that system.

s/ Nelson A. Boxer
Nelson A. Boxer